13-3484-cr
*United States v. Parker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fourteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    Appellee,

            v.                                          13-3484-cr

MALCOLM PARKER,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                       Michael P. Drescher, Paul J. Van de Graaf,
                                    Assistant United States Attorneys, for Tristram
                                    J. Coffin, United States Attorney for the District
                                    of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:    John L. Pacht, Emily Bayer-Pacht, Hoff Curtis, P.C., Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Reiss, <u>Ch. J.</u>).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Malcolm Parker appeals from an amended judgment entered on October 8, 2013 in the United States District Court for the District of Vermont following his plea of guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and one count of filing a false tax document, in violation of 26 U.S.C. § 7207.

The district court determined that Parker's Criminal History Category was I and his total offense level was 29. Parker's Guidelines range would have been 87 to 108 months, but the crimes in question carried a statutory maximum of 72 months' imprisonment. Hence, the Guideline's sentence was 72 months, and, after granting the Government's § 5K1.1 motion, the district court sentenced Parker principally to 55 months' imprisonment.

On appeal, Parker challenges his sentence on both procedural and substantive grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Procedural Reasonableness

A district court procedurally errs when it does not consider the factors outlined in 18 U.S.C. § 3553(a) or "rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).  Unless the record suggests otherwise, however, "we presume . . . that a sentencing judge has faithfully discharged her duty to consider the statutory factors."  *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006).

Here, Parker argues that the district court erred in its consideration of the specific deterrence factor under 18 U.S.C. § 3553(a)(2)(C) when it found he was likely to reoffend.  He argues that the court improperly found that he was a risk to the public because he had delusional beliefs that might cause him to reoffend.  We conclude, however, that the district court acted well within its discretion in considering the need to protect the public.  At the sentencing, the district court voiced its concerns that Parker still wanted to make the film that had been the centerpiece of his fraudulent investment scheme.  The district court pointed to Parker's testimony and a letter he submitted to the court which stated, "I still believe in the fundamental power that drew so many of us to this project in the first place," and "[i]f allowed by the federal court and the bankruptcy court, I still very much want to complete the *Birth of Innocence* film."  The district court also noted that Parker continued with the scheme even after being told by the State of Vermont to stop soliciting funds, and went so far as to ask his victims to backdate

checks so they appeared to have been written *before* the warnings were issued. Thus, we conclude that the district court's concern about protecting the public was entirely reasonable.

**B.      Substantive Reasonableness**

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Accordingly, we will set aside sentencing decisions only in "exceptional cases," as we will not substitute our judgment for that of the district court. *Id.*; *see also Fernandez*, 443 F.3d at 27.

Parker argues that his sentence was substantively unreasonable because the district court failed to properly credit the significance of his cooperation. He notes that the government recommended a more substantial reduction than the district court allowed. His arguments fail.

The district court's decision to downwardly depart a total of 17 months from the Guideline sentence of 72 months was reasonable. In considering the significance and usefulness of the defendant's assistance, including the "truthfulness, completeness and reliability" of the information he provided, the district court expressed reservations about how helpful his cooperation had been to law enforcement, how truthful a witness he was at a co-defendant's sentencing hearing, and how effective a witness he would have been at trial.

– 4 –

In light of all the circumstances presented, we conclude that the district court's sentence was substantively reasonable.

We have considered Parker's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk